TH:MRG/GSM/TBM
F. #2021R00053

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
E.D.N.Y.
\*JUNE 15, 2023\*
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JOHN PENA,
    also known as "Tragedy,"
    "Don Tragg," "Last Don"
    and "Money Baggz,"

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 21-176 (S-2) (AMD)
(T. 18, U.S.C., §§ 922(g)(1), 924(a)(2),
924(c)(1)(A)(i), 924(c)(1)(A)(ii),
924(c)(1)(A)(iii), 924(d)(1), 924(j)(1),
1959(a)(1), 1962(c), 1963, 1963(a), 1963(m),
2 and 3551 et seq.; T. 21, U.S.C.,
§§ 841(b)(1)(C), 841(b)(1)(D), 846, 853(a)
and 853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Superseding Indictment, unless otherwise indicated:

The Enterprise

      1.     The Gorilla Stone Mafia (the "Gorilla Stone Mafia" or the "Enterprise") was a subgroup, or "set," of the nationwide Bloods street gang. The Gorilla Stone Mafia was comprised primarily of individuals residing in and around the Stapleton neighborhood of Staten Island, New York.

      2.     In the 2000s, certain individual sets of the Bloods began operating on the east coast of the United States, including in New York, under what became known as the "Untouchable Gorilla Stone Nation," also known as "Gorilla Stone" or "UGSN." UGSN was, in turn, composed of multiple sets known as "caves" or "kaves," which included the Gorilla Stone Mafia, among others. Despite having different names and being comprised of individuals

from different areas of New York and elsewhere, each set of the UGSN, including the Gorilla Stone Mafia, maintained common communication codes, rituals and gestures.

3. The Gorilla Stone Mafia, including its leadership, members and associates, constituted an "enterprise," as defined in Title 18, United States Code, Sections 1961(4) and 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

## Purposes of the Enterprise

4. The purposes of the Gorilla Stone Mafia included the following:

(a) promoting and enhancing the prestige, reputation and position of the Enterprise with respect to rival criminal organizations;

(b) preserving and protecting the power, territory and criminal ventures of the Enterprise through the use of intimidation, threats of violence and acts of violence, including murder, robbery and assault;

(c) keeping victims and rivals in fear of the Enterprise and its members and associates; and

(d) enriching the members and associates of the Enterprise through criminal activity, including drug trafficking, gun trafficking, robbery, fraud and trafficking in stolen identities.

Means and Methods of the Enterprise

5. Among the means and methods by which the members of the Enterprise and their associates conducted and participated in the conduct of the affairs of the Enterprise were the following:

(a) members of the Enterprise and their associates committed, attempted to commit, agreed to commit and threatened to commit acts of violence, including acts involving murder, robbery and assault, to enhance the Enterprise's prestige and protect and expand the Enterprise's criminal operations;

(b) members of the Enterprise and their associates used and threatened to use physical violence against various individuals, including members of rival criminal organizations; and

(c) members of the Enterprise and their associates used, attempted to use and conspired to use drug trafficking, gun trafficking, robbery, fraud and trafficking in stolen identities as a means of obtaining money.

The Defendant

6. The defendant JOHN PENA, also known as "Tragedy," "Don Tragg," "Last Don" and "Money Baggz," was a member and the leader of the Gorilla Stone Mafia.

COUNT ONE
(Racketeering)

7. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

8. In or about and between August 2019 and September 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOHN PENA, also known as "Tragedy," "Don Tragg," "Last Don" and "Money

Baggz," together with others, being a person employed by and associated with the Gorilla Stone Mafia, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

## RACKETEERING ACT ONE
(Marijuana and Cocaine Base Distribution Conspiracy)

9. The defendant JOHN PENA committed the following acts, either one of which alone constitutes Racketeering Act One:

A. <u>Marijuana and Cocaine Base Distribution Conspiracy</u>

10. In or about and between August 2019 and June 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOHN PENA, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing marijuana, a Schedule I controlled substance, for remuneration, and (b) a substance containing cocaine base, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1), in violation of Title 21, United States Code, Section 846.

B. <u>Marijuana and Cocaine Base Distribution</u>

11. In or about and between August 2019 and June 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOHN PENA, together with others, did knowingly and intentionally distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing marijuana, a Schedule I controlled substance, for remuneration, and (b) a substance

containing cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### RACKETEERING ACT TWO
(Murder of Mark Bajandas)

12. On or about March 10, 2021, within the Eastern District of New York and elsewhere, the defendant JOHN PENA, together with others, with the intent to cause the death of another person, to wit: Mark Bajandas, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

### RACKETEERING ACT THREE
(Murder of Francisco Gonzalez)

13. On or about June 22, 2021, within the Eastern District of New York and elsewhere, the defendant JOHN PENA, together with others, with the intent to cause the death of another person, to wit: Francisco Gonzalez, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

### COUNT TWO
(Unlawful Possession, Brandishing and Discharge of Firearm)

14. In or about and between August 2019 and June 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOHN PENA, also known as "Tragedy," "Don Tragg," "Last Don" and "Money Baggz," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence and drug trafficking crime, to wit: the crime charged in Count One, and did knowingly and intentionally possess such firearms in furtherance of said

crime of violence and drug trafficking crime, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT THREE
(Murder In-Aid-Of Racketeering)

15. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

16. The Gorilla Stone Mafia, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, (a) multiple acts involving murder, in violation of New York State Penal Law Sections 125.25, 110.00, 105.15 and 20.00; and (b) multiple offenses involving dealing in controlled substances, in violation of Title 21, United States Code, Sections 841 and 846.

17. On or about March 10, 2021, within the Eastern District of New York and elsewhere, the defendant JOHN PENA, also known as "Tragedy," "Don Tragg," "Last Don" and "Money Baggz," together with others, for the purpose of maintaining and increasing position in the Gorilla Stone Mafia, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Mark Bajandas, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT FOUR
(Causing Death Through Use of a Firearm)

18. On or about March 10, 2021, within the Eastern District of New York and elsewhere, the defendant JOHN PENA, also known as "Tragedy," "Don Tragg," "Last Don" and

"Money Baggz," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the use of a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Three, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111(a), in that PENA, together with others, with malice aforethought, did unlawfully kill, and cause the killing of, Mark Bajandas willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

## COUNT FIVE
(Felon in Possession of Ammunition)

19. On or about March 10, 2021, within the Eastern District of New York and elsewhere, the defendant JOHN PENA, also known as "Tragedy," "Don Tragg," "Last Don" and "Money Baggz," knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce ammunition, to wit: .357 caliber Sig ammunition manufactured by L-Tech Enterprises Inc.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT SIX
(Conspiracy to Distribute and Possess with Intent to Distribute Marijuana and Cocaine Base)

20. In or about and between August 2019 and June 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOHN PENA, also known as "Tragedy," "Don Tragg," "Last Don" and "Money Baggz," together with others, did knowingly and intentionally conspire to distribute and possess with

intent to distribute one or more controlled substances, which offense involved (a) a substance containing marijuana, a Schedule I controlled substance; and (b) a substance containing cocaine base, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846, 841(b)(1)(C) and 841(b)(1)(D); Title 18, United States Code, Sections 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

21. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1963(a), which requires any person convicted of such offense to forfeit: (a) any interest the person acquired or maintained in violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the person has established, operated, controlled, conducted or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and (c) any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.

22. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

     (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 1963(a) and 1963(m))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS TWO, FOUR AND FIVE

  23.  The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts Two, Four and Five, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Sections 922 and 924 or any violation of any other criminal law of the United States, including but not limited to one .357 caliber Sig ammunition manufactured by L-Tech Enterprises Inc., seized on or about March 10, 2021, in Staten Island, New York.

  24.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

     (a)  cannot be located upon the exercise of due diligence;

     (b)  has been transferred or sold to, or deposited with, a third party;

     (c)  has been placed beyond the jurisdiction of the court;

     (d)  has been substantially diminished in value; or

     (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT SIX

25. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Six, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offense; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

26. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

11

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

_____
FOREPERSON

By Carolyn Pokorny, Assistant U.S. Attorney
_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. # 2021R00053
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

JOHN PENA,

Defendant.

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 922(g)(1), 924(a)(2), 924(c)(1)(A)(i), 924(d)(1), 924(j)(1), 1959(a)(1), 1962(c), 1963(a), 1963(m), 2 and 3551 et seq.; T. 21, U.S.C., §§ 841(b)(1)(C), 846, 853(a) and 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20*\_\_\_\_\_

_____
*Clerk*

*Bail, $* _____ _____

*Matthew R. Galeotti, Garen S. Marshall & Tara McGrath, Assistant U.S. Attorneys (718) 254-7000*