

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JRS:DR/AMR/EL
F. #2021R00053

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 7, 2024

By ECF

The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. John Pena
Docket No. 21-CR-176 (S-2) (AMD)

Dear Judge Donnelly:

The government respectfully submits this letter in response to the Court's question at the September 3, 2024 pretrial conference about whether Jawuan Jackson will testify at the above-captioned trial and to provide additional context regarding the note in Jackson's phone that the government seeks to introduce at trial.

The government expects that the evidence at trial will establish that Jackson aided and abetted Pena's murder of Francisco Gonzalez on June 22, 2021. As it pertains to the Gonzalez murder, and the relevance of the note in Jackson's phone—"I'm Posted on Stan, Wit the chop [/] Don't try to spin through [/] Brody letting it flock" (the "Stanley Avenue Note")—the government expects the evidence presented at trial will establish the following.

During the afternoon of June 21, 2021, surveillance video places Jackson on Stanley Avenue interacting with Gonzalez. Messages between Gonzalez and Jackson further corroborate that Jackson and Gonzalez were hanging out that evening. Then, surveillance footage from the early evening of June 21, 2021 shows that Jackson cased Gonzalez's home and the surrounding area. Metadata from Jackson's phone shows that Jackson drafted the Stanley Avenue Note between 11:25 p.m. and 11:30 p.m. on June 21, 2021. Surveillance footage from Stanley Avenue captures Jackson standing in an alleyway on Stanley Avenue across from Gonzalez's home at 11:35 p.m. on June 21, 2021, within 10 minutes of the note's drafting. Between 11:53 p.m. and 1:25 a.m., surveillance video shows Jackson and Henry Degroat, another co-conspirator, continue to surveil Gonzalez's home and the surrounding area.

At 1:50 a.m., surveillance video captures Pena arriving on Stanley Avenue, after which time he called Jackson and Degroat. At approximately 2:30 a.m., video surveillance shows Degroat meeting up with Pena. Degroat checked the door of Gonzalez's home before

Pena broke through the door. Pena then shot Gonzalez in the head while Gonzalez was asleep in his bed next to Jada McCombs. Later that morning, Pena was arrested in the vicinity of Stanley Avenue.

At the pretrial conference and in its oppositions to the government's motions in limine, the defense objected to the admission of the Stanley Avenue Note under Rule 801(d)(2)(E) on the ground that, unless it was sent to another person, it could not have been made in furtherance of the conspiracy (see Defendant's Opposition, ECF No 92 at 8 ("Because the statements are notes, there is no 'listener' and the statements cannot be said to promote anyone to do anything.")). As the government argued in response, the government is not arguing that the Stanley Avenue Note is a statement in furtherance of the conspiracy but, rather, is admissible as both a present sense impression, a then-existing state of mind and a statement against penal interest. See Government Reply, ECF No. 99 at 3.

First and foremost, the first line of the Stanley Avenue Note ("I'm Posted on Stan, Wit the chop") is a quintessential present sense impression because it describes in real time where Jackson was ("on Stan"), what he was doing ("I'm Posted," i.e., standing watch) and what he had with him ("Wit the chop") at approximately 11:30 p.m. on June 21, 2021. See Fed. R. Evid. 803(1). The government submits that, at a minimum, this portion of the Stanley Avenue Note is admissible since it clearly falls within the present sense impression exception to the rule against hearsay.

The second line of the Stanley Avenue Note ("Don't try to spin through") is admissible as non-hearsay because it is a warning, not a statement of fact, and therefore is not being admitted to prove the truth of the matter asserted.

The third line of the Stanley Avenue Note ("Brody letting it flock") indicates Jackson's then-existing state of mind—notably his and Pena's plan that Pena ("Brody") was on his way to Stanley Avenue to commit a shooting ("letting it flock"). See Federal Rule of Evidence 803(3). As such, the third line of the Stanley Avenue Note are admissible as evidence of Jackson's then-existing state of mind under Federal Rule of Evidence 803(3).

Finally, the Stanley Avenue Note is also admissible under Federal Rule of Evidence 804 as a statement against Jackson's penal interest. Pursuant to Rule 804(b)(3), an unavailable declarant's hearsay statement may be admitted if the statement is against the declarant's penal interest. The government spoke with Jackson's counsel on September 6, 2024, who confirmed that, if called to testify, Jackson would invoke his Fifth Amendment privilege against self-incrimination, thus fulfilling Rule 804's unavailability requirement. See, e.g., Fed. R. Evid. 804(a) (noting that declarant "is considered to be unavailable as a witness" pursuant to Rule 804(b)(3) where a privilege applies); United States v. Miller, 954 F.3d 551, 561 (2d Cir. 2020) ("[w]hen a witness properly invokes his Fifth Amendment right against self-incrimination, he is unavailable for the purposes of Rule 804(a)"). Further, Jackson's statement in the Stanley Avenue Note, in which he admitted, only three hours before the Gonzalez murder, to being in possession of a firearm ("the chop") at the location of the murder ("on Stan"), with the plan that another individual ("Brody"), was going to shoot a firearm ("letting it flock"), is clearly against Jackson's penal interest. If Jackson were charged with Gonzalez's murder, conspiracy to murder Gonzalez, or even simple possession of a firearm, the Stanley Avenue Note would be admissible against him at trial. See Munoz, 765 F. App'x at 550 (upholding admission, as a statement

against penal interest, of a declarant's statements that "indicated that he was involved in a violent, drug-related dispute and that he possessed a firearm that had just been used as a murder weapon"). As such, the statement is sufficiently against Jackson's penal interest and should be admissible as such in the upcoming trial.

For the reasons set forth above, and in the government's previous filings, the Stanley Avenue Note is admissible as a present sense impression, non-hearsay not admitted for its truth, then-existing state of mind and a statement against penal interest.

Respectfully submitted,

BREON PEACE
United States Attorney

By: /s/

Dana Rehnquist
Andrew M. Roddin
Elias Laris
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (AMD) (by E-Mail and ECF)
Defense Counsel (by E-Mail and ECF)